United States District Court
Southern District of Texas
**ENTERED**
February 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN GORDON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-42 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH; dba ANIMAL RESOURCE | § | |
| CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants University of Texas Medical Branch at Galveston and Toni D'Agostino's Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. 37. Dr. Brian Gordon asserted 42 U.S.C. § 1983 claims for violating his First and Fourteenth Amendment rights. Dkt. 34. He further asserted defamation and wrongful termination claims under Texas state law. He seeks compensatory and exemplary damages.

Defendant University of Texas Medical Branch at Galveston Animal Resource Center ("UTMB ARC") asserts sovereign immunity. UTMB ARC is a division of UTMB, a state agency. *See* TEX. EDUC. CODE ANN. § 61.003(5). "The Fifth Circuit has consistently found that the University of Texas, and its health institutions, are protected by sovereign immunity." *Butcher v. U.T. Health Science Center of Houston*, Civil Action No. H-08-cv-244, 2008 WL 4935723, at *2 (S.D. Tex. Nov. 18, 2008). The Court finds that UTMB has not waived immunity or consented to suit. Nor has Congress expressly

waived sovereign immunity for § 1983 suits.  UTMB is therefore immune from suit.

Gordon also named his supervisor Toni D'Agostino as a defendant in the § 1983 and defamation claims.  She is named as a defendant both her official and individual capacities.  Where the plaintiff does not seek injunctive relief, a person acting in her official capacity is not a 'person' who can be sued under § 1983. *Will v. Michigan State Department of Police*, 491 U.S. 58, 71 & n. 10 (1989).  Gordon seeks only compensatory and exemplary damages.  D'Agostino is also protected from suit by sovereign immunity for the claims against her in her official capacity.

The following active claims remain:

- § 1983 claims for violating Gordon's First and Fourteenth Amendment rights against D'Agostino in her individual capacity
- Texas state law defamation claim against D'Agostino in her official and individual capacities

D'Agostino asserts qualified immunity.  However, the Court holds that Gordon's complaint fails to state a plausible claim from which a court could reasonably infer D'Agostino's liability.  The Court need not engage in a qualified immunity analysis.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.D. 662 (2009) (citing *Twombly*, 550 U.S. at 556). The Court addresses each § 1983 claim in turn.

A First Amendment retaliation claim requires the plaintiff to prove the following:

- he was not speaking pursuant to his official job duties;
- he was speaking as a citizen on a matter of public concern;
- his interest in speaking outweighed his employer's interest in promoting workplace efficiency;
- he suffered an adverse employment action; and
- the adverse action was substantially motivated by the protected speech

*Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011). Here, Gordon fails to address the first three elements. Indeed, he argues throughout that the speech was made for the purpose of discharging his duties as Executive Director of UTMB ARC.

Gordon's § 1983 claim pursuant to the Fourteenth Amendment's Due Process Clause fares no better. The Fifth Circuit has a seven-prong test to determine whether a viable § 1983 claim exists "for deprivation of liberty without notice or opportunity to clear his name." *Wilkerson v. University of North Texas*, Civil Action No. 4:15-CV-00540, 2016 WL 7242766 (E.D. Tex. Dec. 14, 2016) (citing *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006)). A plaintiff must show:

- he was discharged;
- stigmatizing charges were made against him in connection with the discharge;
- the charges were false;
- he was not provided notice or an opportunity to be heard before the discharge;
- the charges were made public;
- he requested a hearing to clear his name;
- the employer denied the request.

*Id.* As to the false and stigmatizing charges, Gordon alleges that D'Agostino issued to Gordon a Notice of Intent to Terminate that "contained multiple false statements regarding Dr. Gordon's job performance and mischaracterized Dr. Gordon's interactions with staff and administration at UTMB d/b/a ARC." Dkt. 34, ¶30. His Complaint only

specifically mentions one of these multiple false statements: "Defendant D'Agostino wrongfully claimed that investigators and staff had lost confidence in Dr. Gordon, but Dr. Gordon had never been told that any investigator or staff member had complained about him." *Id*. He further alleges that ARC representatives (not D'Agostino per se) "had made negative and untruthful statements regarding his employment . . . to the science editor and possibly to others." ¶ 32.

As to notice, Gordon alleges that he discussed the Notice with D'Agostino the next day. He further alleges that she officially fired him "within hours of the conversation." He asserts that this quick decision is evidence that D'Agostino failed to investigate or to give any meaningful consideration to his responses to the Notice.

As to requesting a hearing to clear his name, Gordon alleges that he "was never offered a meaningful opportunity to clear his name . . . . Plaintiff is hereby requesting that UTMB d/b/a ARC provide him with the opportunity to salvage his reputation through a name-clearing hearing." ¶ 64.

Gordon fails to address several required elements that are necessary for each § 1983 claim. Where he does, his allegations are conclusory and vague. The dearth of factual content does not allow the Court to infer a plausible claim for relief.

Only the defamation claim against D'Agostino in her individual capacity survives. This claim was brought pursuant to Texas state law. The Court had subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. § 1331. The Court exercised supplemental jurisdiction over the state law claims. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction over the remaining claim here.

To conclude, Defendants' Motion to Dismiss (Dkt. 37) is **GRANTED**. UTMB ARC and D'Agostino—in her official capacity—are protected by sovereign immunity. The Court therefore **ORDERS** that all claims against them are **DISMISSED with prejudice** for lack of subject matter jurisdiction. The Court further **ORDERS** that both § 1983 claims against D'Agostino in her individual capacity **are DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Finally, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. The Court therefore **ORDERS** that the defamation claim against D'Agostino in her individual capacity is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

SIGNED on _Feburary 2_ , 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge